IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| GEORGE W. UPSHAW, | : | |
| | : | |
| Claimant | : | |
| | : | |
| v. | : | CASE NO. 4:11-CV-68-CDL-MSH |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |
| _____ | | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's applications for a period of disability, disability insurance and supplemental security income, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a

preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the claimant is working.  *Id.*  If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id.*  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## ISSUES

I.   **Did the ALJ err in determining Claimant's residual functional capacity?**

II.  **Did the ALJ err in relying on the GRIDS at step five to determine that Claimant was not disabled?**

III. **Did the ALJ err in evaluating Claimant's credibility?**

## Administrative Proceedings

Claimant applied for a period of disability, disability insurance and supplemental security income on January 29, 2007, alleging disability as of September 16, 2006, due to leg and back pain. (Tr. 15; ECF No. 12.) Claimant's applications were denied, and Claimant timely requested a hearing before an Administrative Law Judge ("ALJ"). The Claimant appeared before an ALJ for a hearing, and following the hearing, the ALJ issued an unfavorable decision on November 24, 2009. (Tr. 26-33.) The Appeals Council ultimately denied Claimant's Request for Review on April 26, 2011. (Tr. 37-40.) This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since September 26, 2006. (Tr. 27.) The ALJ then found that Claimant had degenerative disc disease of the lumbar spine and sciatica, which he determined to be severe. (*Id.*) The ALJ then determined that Claimant's severe impairments did not meet or medically equal, either individually or any combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ next found that Claimant had the

residual functional capacity (RFC) to perform the full range of light work. (Tr. 29.) The ALJ determined that Claimant could not perform his past relevant work, but that there were jobs that existed in significant numbers in the national economy that he could perform. (Tr. 16.) Thus, the ALJ concluded that Claimant was not disabled.

## DISCUSSION

**I.     Did the ALJ err in determining Claimant's residual functional capacity?**

Claimant first argues that the ALJ erred in determining his residual functional capacity ("RFC") because the ALJ failed to properly evaluate the opinion of Claimant's treating physician, Dr. Grace Chin-Yut. (Cl.'s Br. 11, ECF No. 13.) Claimant argues that the ALJ's decision to give Dr. Chin-Yut's opinions significant weight but not credit the limitations she found is not based on substantial evidence. The Court agrees and finds that the RFC developed by the ALJ and applied in his determination that the Claimant can perform a full range of light work is not supported by substantial evidence and remand is required. Specifically, the finding that the Claimant can perform a full range of light work is unsupported by the medical evidence and opinions of Dr. Chin-Yut, a treating physician with whom the Claimant has a sustained a significant doctor-patient relationship and upon whom the ALJ expressly relied in formulating the RFC in this case.

Two points particularly make remand appropriate. First, there is a need to be clear regarding whether Dr. Chin-Yut's opinion is that Claimant is limited to three hours of either sitting or standing/walking daily, as Claimant urges in his brief, or whether the

doctor opines that Claimant can sit or stand/walk for up to three hours of *each activity*, as the Commissioner urges in his brief.  If the Commissioner's interpretation is correct, then Claimant has sufficient mobility for six hours of an eight hour work day to perform a full range of light work, assuming that no other limitations are found to exist.  If the Claimant's argument is correct, then he cannot perform a full range of light work as found by the ALJ.

Additionally, the ALJ failed to discuss the nonexertional limitation of stooping in his RFC assessment.  If the Commissioner continues in his assertion that the Claimant can be mobile for six hours of an eight hour day, then the ALJ should likewise better develop whether stooping is, in fact, within the Claimant's ability to perform given his medical condition described by Dr. Chin-Yut.  Recontacting the physician to clarify both her opinion as to the duration of Claimant's expected workday and whether stooping is something he can perform when required by work appears to be necessary.  The record in its current posture is simply inadequate for meaningful judicial review and remand is necessary to better develop a record as required by law.

Second, the record bears out significant evidence that Claimant has been on therapeutic pain medications for some time.  Despite his testimony that he suffers drowsiness from the medications and corroborating evidence in the form of medical opinions from treating physicians that drowsiness is a common and anticipated side effect of the particular medicines prescribed to Claimant, no limitation was included in the RFC regarding medication side effects.  A mere statement by the ALJ that there have been no

side effects noted is insufficient to address or otherwise discount the unambiguous medical evidence by Drs. Dorchak and Chin-Yut that the medications both can and have caused Claimant drowsiness, limiting his ability to work within the RFC assessed by the ALJ.  Thus, this case should be remanded so that the ALJ can revisit his decision accordingly.

The Court will refrain from addressing the remaining issues raised by Claimant in his Brief.  However, upon remand, the ALJ should consider those issues and incorporate them into his findings.

## CONCLUSION

**WHEREFORE**, it is the recommendation to the United States District Judge that this case be **REMANDED** pursuant to sentence four of 42 U.S.C. ç 405(g).  Pursuant to 28 U.S.C. § 636(b)(1), the Commissioner may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

THIS the 19th day of June, 2012.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE